PERKETT *v.* MANISTEE & NORTHEASTERN RAILROAD CO.

1. CARRIERS—DELAY IN TRANSIT—DAMAGE TO FRUIT—INSPECTION
   —SUFFICIENCY—QUESTION FOR JURY.

   In an action against a railroad company for damages to
   fruit alleged to have been caused by delay in its ship-
   ment, testimony by plaintiff as to the condition of the
   peaches at time of shipment, that while he examined
   only 80 or 85 baskets of peaches out of a shipment of
   389 baskets, he examined four or five baskets in each
   load, that he could see the peaches through the openings
   between the slats of which the baskets were made, that
   he personally saw every basket as it went into the car,
   that from this method of inspection he was able to testify
   as to the quality and condition of the fruit of the entire
   lot, and that this was the usual, ordinary, and general
   way in which shippers and purchasers of fruit, when
   shipping, examine it, *held*, sufficient to present a question
   of fact for the jury as to the condition of the peaches at
   the time of inspection before shipment, and that the court
   below was in error in limiting recovery to the 80 baskets
   actually examined.

2. SAME.

   In such action, testimony by a witness for plaintiff as to
   the condition of apples shipped by plaintiff after arrival
   at their destination, that he only inspected about 15 bar-
   rels of the apples at the time of the actual delivery to the
   consignee, but later on, when the apples were sold, that
   he actually handled every barrel himself and opened the
   barrels and made inspection, that he had had 30 years'
   experience and was able to testify, from the inspection
   made, whether or not they had become heated, *held*, in
   connection with other testimony offered, to present a ques-
   tion of fact for the jury as to the condition of the apples
   at the time of their delivery to the consignee, and the
   court below was in error in limiting recovery to 37
   barrels.

Error to Grand Traverse; Mayne, J. Submitted
June 4, 1919. (Docket No. 40.) Decided July 17,
1919.

Assumpsit by Louis F. Perkett against the Manistee & Northeastern Railroad Company for damages to certain fruit in transit.   Judgment for plaintiff for less than amount claimed.   Plaintiff brings error. Reversed.

*John J. Tweddle,* for appellant.

*Edgar H. Johnson* (*Travis, Merrick, Warner & Johnson,* of counsel), for appellee.

KUHN, J.   This cause, which involves an action of assumpsit for damages to two cars of fruit, was before this court before, and the decision is found reported in 191 Mich. 106.   That opinion contains a statement of fact sufficient for an understanding of the issues involved.   The cause, having being reversed, was sent back for a new trial, which resulted in a judgment recovered against the defendant for $266.61, by virtue of the Carmack amendment to the interstate commerce act.

The principal errors relied upon may be grouped under two headings:

(1) Error of the court in limiting the recovery of damages (for the decay of peaches) to 80 baskets of peaches.

(2) Error in limiting the recovery of damages (for the alleged decay of apples) to 37 barrels of apples.

1. It is the contention of the appellant that there was sufficient evidence to show the condition of the peaches at the time they were loaded and shipped and that the question of fact as to the condition of the fruit at that time should have been submitted to the jury for them to determine.   The trial judge limited the recovery to 80 baskets of peaches for the reason that the plaintiff testified that he only opened 85 or 80 baskets of peaches and only made an actual ex-

amination of that many baskets. But his testimony shows that he examined four or five baskets in each load. The peaches were in regular peach baskets, and he testified that he could see the peaches through the openings made between the slats of which the baskets were made, and that it is the usual, ordinary, and general way in which shippers and purchasers of fruit, when shipping it, examine the fruit. He testified that he had been in business for 30 years, during which time he has observed this custom, and that other shippers had also observed the same custom, and that from this method of inspection he was able to testify as to the quality and condition of the fruit of the entire lot, which comprised 389 baskets of peaches, he having actually seen every basket of peaches as it went into the car. Upon this testimony we think that the claim of the appellant is justifiable that it presented a question of fact for the jury to determine as to what the condition of the peaches was at the time of the inspection before shipment.

2. The trial judge limited the recovery for the apples to 37 barrels, because of the fact that the testimony only showed that that many barrels were actually inspected after their arrival at their destination. Mr. Frost, a witness for the plaintiff, testified as to the condition of the apples upon their delivery to the consignee. He stated that he had only inspected about 15 barrels of the apples at the time of the actual delivery to the consignee, but later on, when the apples were sold, that he actually handled every barrel of apples himself, and opened the barrels and made inspection. He testified that he had had 30 years' experience and was able to testify from the inspection he made of the apples whether or not they had become heated. We are of the opinion that this testimony presented at least a question of fact for the jury to determine what the condition of the apples

was, in connection with the other testimony offered, at the time of their delivery to the consignee, and the question of fact should have been submitted to the jury.

There is also a claim made that the court erred in instructing the jury that the plaintiff admitted that the cars were properly iced according to the contract. As the case will be sent back for a new trial, if there is any merit to this claim, the error will probably not be repeated, and it is therefore unnecessary to discuss it.

For these errors the case will be reversed and a new trial granted, with costs to the appellant.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.